NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2018 VT 115

No. 2017-306

| State of Vermont | Supreme Court |
|---|---|
| | |
| | On Appeal from |
| v. | Superior Court, Chittenden Unit, |
| | Criminal Division |
| | |
| Donald P. Francis | September Term, 2018 |

Dennis R. Pearson, J.

Heather J. Brochu, Department of State's Attorneys and Sheriffs, Franklin County Deputy
  State's Attorney, Montpelier, for Plaintiff-Appellee.

Matthew Valerio, Defender General, and Dawn Matthews, Appellate Defender, Montpelier, for
  Defendant-Appellant.


PRESENT: Reiber, C.J., Skoglund, Robinson, Eaton and Carroll, JJ.


¶ 1.     **ROBINSON, J.**   Defendant appeals his conviction of driving under the influence (DUI), arguing that the trial court impermissibly burdened the exercise of his Fourth Amendment rights when it allowed evidence of his refusal to submit to a warrantless blood draw and then instructed the jury that it was permitted but not required to draw an inference from that evidence. He additionally argues that this evidence should not have been admitted because it was not relevant and was unduly prejudicial. On the basis of our decision in State v. Rajda, 2018 VT 72, ¶¶ 32, 39, __ Vt. __, __ A.3d __, we reject defendant's constitutional argument. We decline to address his unpreserved relevance and prejudice arguments. Accordingly, we affirm.

¶ 2.	The evidence at trial reflects the following.  In the summer of 2016, defendant was charged with driving while intoxicated, in violation of 23 V.S.A. § 1201(a)(2).  After the arresting officer stopped defendant for erratic driving and arrested him on suspicion of DUI, defendant began having trouble breathing. The officer called an ambulance.  The officer then accompanied defendant to the hospital and waited while hospital staff treated defendant, performing a blood draw and chest x-rays on him.  While defendant initially cooperated with hospital staff, he eventually became agitated.  The officer overheard defendant tell the nurses that he did not want them to draw blood from him "because of how they were handling the needle."  Defendant tore off his hospital gown and swore at the nurses, said that he was "done," and announced he was leaving.  The arresting officer told defendant that he could leave the hospital, but would remain under arrest, after which defendant decided to stay at the hospital and continue treatment.  When the officer then asked defendant, after advising him of the rights related to testing, if he would allow hospital staff to draw blood for evidence of intoxication, defendant refused.

¶ 3.	Before trial, defendant moved to exclude from evidence his refusal to submit to a blood test, arguing that allowing the State to use his refusal against him would unduly penalize his exercise of his Fourth Amendment right to refuse.  The trial court denied his motion, and the arresting officer testified that defendant refused to consent to a blood test.  At the close of evidence, defendant objected to the trial court's proposed instruction permitting the jury to draw an inference from defendant's refusal.  The trial court overruled defendant's objection and instructed the jury:

> You may choose to use the evidence that he declined to provide a
> blood sample, along with any other evidence in the case, to decide
> whether the State has met its burden of proving each of the essential
> elements of the offense beyond a reasonable doubt.  However, you
> are not required to draw any inference from this evidence.

¶ 4.	The jury convicted and defendant has appealed, renewing his argument that admitting the evidence of his refusal, and inviting the jury to draw an inference from the fact of

his refusal, impermissibly burdened his Fourth Amendment right to refuse the warrantless blood draw.

¶ 5. We recently, and squarely, rejected defendant's constitutional argument in State v. Rajda. Rajda was a consolidated case in which the defendants argued that the Fourth Amendment forbids the admission at trial of evidence of their refusals to submit to warrantless blood tests after their arrests on suspicion of driving under the influence of drugs. In Rajda, we reviewed a string of relevant United States Supreme Court decisions, including, most recently and most significantly, Birchfield v. North Dakota, __ U.S. __, 136 S.Ct. 2160 (2016), and concluded that "the Fourth Amendment does not bar admission in a criminal DUI proceeding of evidence of a refusal to submit to a warrantless blood draw." 2018 VT 72, ¶ 32. We explained that "[a]lthough the Fourth Amendment protects a motorist from a nonconsensual warrantless submission to a blood draw, and the implied consent law in and of itself does not supply that consent with respect to a separate criminal prosecution for refusal," id., admitting evidence of a defendant's refusal to allow a warrantless blood draw does not impermissibly burden an individual's exercise of the Fourth Amendment right to refuse a blood draw, id. ¶¶ 36-39.

¶ 6. Defendant's constitutional argument in this case is indistinguishable from the argument this Court rejected in Rajda, and we conclude that the trial court did not err in admitting the evidence of defendant's refusal to submit to a warrantless blood test and instructing the jury that it may (but is not required to) draw an inference from that evidence.

¶ 7. Defendant did not preserve his remaining argument that the refusal evidence was not relevant and unduly prejudicial in this case, as he did not clearly object before the trial court on the basis of relevance or prejudice, see V.R.E. 401 - 403, as opposed to the constitutional ground discussed above. See V.R.E. 103(a)(1); State v. Hinchliffe, 2009 VT 111, ¶ 31, 186 Vt. 487, 987 A.2d 988 (2009) (holding arguments may be waived if not raised at trial level). While this opinion does not foreclose an argument that in the context of a particular case refusal evidence is

3

inadmissible because it is irrelevant or unduly prejudicial, here neither argument was raised with sufficient specificity at the trial level to warrant our review.

      <u>Affirmed</u>.

                                      FOR THE COURT:

                                      _____

                                      Associate Justice